[No. 22766. *En Banc.* September 1, 1931.]

*In the Matter of the Estate of* MARY GODFREY, *Deceased.*[1]

*Joseph W. Robinson,* for appellant Julia Godfrey.
*William A. Herren,* for appellant Philip Godfrey.
*Bausman, Oldham & Walkinshaw,* for respondents.

FULLERTON, J.—Mary Godfrey, being a resident of King county and having property therein, died December 5, 1928, at an advanced age. A will executed by her July 18, 1928, was admitted to probate by the superior court for King county on December 13th of that year. The will appointed Julia Godfrey, a step-daughter, executrix, and one Thomas Burns executor, thereof, and the decree admitting the will confirmed the appointment. They qualified and commenced to administer the estate.

On January 14, 1929, Mary Godfrey McBride, a daughter of the deceased and a beneficiary under the will that had been admitted to probate, filed a petition

[1] Reported in 2 P. (2d) 894.

for the probate of an alleged later will, dated September 5, 1928, and for the revocation of the probate of the will of July 18th. By the later will, Mrs. McBride and two sons of the deceased, William and James, were given larger shares of the estate than by the earlier will.

Upon the filing of this petition, citations were issued, at the direction of the court, to the executrix and the executor of the earlier will and to the appellants, Julia Godfrey and Philip Godfrey, as legatees thereunder, they being the only beneficiaries who would receive smaller portions of the estate under the later than under the earlier will. The citations were issued as if the petition were one to contest the earlier will, and they so recited. The citations were served in the manner prescribed by statute.

The executrix and the executor appeared and answered together, denying all of the averments of the petition essential to the establishment of the alleged will of September 5th, and setting up affirmatively that, at that time, the deceased was utterly incompetent, both mentally and physically, to execute a will or to transact business of any kind. The petitioner, by a reply, traversed the affirmative matter in the answer.

The appellant Philip Godfrey, at the time of these proceedings, was confined in one of the state hospitals for the insane under an adjudication of insanity. For him the court, at the suggestion of the appellant Julia Godfrey, appointed a guardian *ad litem,* who answered the petition with what was equivalent to a general denial, saying simply that the guardian had not sufficient knowledge or information to form a belief as to the allegations of the petition.

Upon these issues, there was a trial which resulted in a decree made and entered April 6, 1929, establish-

ing the will of September 5th as the last will of the deceased, and revoking the decree of December 13, 1928, admitting to probate the will of July 18, 1928.

The decree of April 6, 1929, besides setting out all evidentiary facts essential to prove a valid execution of the later will, also recited that the testatrix, at the time she executed it, was of sound mind and was not acting under undue influence. In other respects, the decree was in the usual terms. The testimony of the subscribing witnesses was reduced to writing and was certified by the judge as in other cases. By the later will so established, James J. Godfrey, a son of the testatrix, was appointed executor, and the decree admitting the will to probate confirmed the appointment, and he qualified as required by statute.

On August 26, 1929, Julia Godfrey filed a petition seeking to contest the later will, on the grounds that the testatrix was without testamentary capacity at the time of its execution, and that the execution of the will was induced by duress, fraud and undue influence. By direction of the court, citations were issued to all concerned and were duly served. The appellant Philip Godfrey was discharged from the hospital for the insane after the filing of the petition but before the same was heard, and, by leave of court, joined in the petition and adopted its allegations.

James J. Godfrey, individually and as executor, Mary Godfrey McBride and William Godfrey filed an answer putting in issue all of the material allegations of the petition, and setting up affirmatively the proceedings had upon the petition of Mary Godfrey McBride for the probate of the later will and the revocation of the probate of the earlier will, and averring that, by the decree resulting from those proceedings, the matters sought by the petitioners to be litigated had been conclusively adjudicated. A reply to the af-

firmative matters in the answer put in issue the legal effect of the facts pleaded in the answer.

At a hearing upon the issues so made, the superior court, upon consideration thereof and upon a motion for judgment on the pleadings, decided that all of the issues had been determined by the decree of April 6, 1929, establishing the later will and revoking probate of the earlier one; and on June 6, 1930, a decree was entered accordingly. From that decree, this appeal was taken.

A close analysis of the situation that existed at the time of the hearing of the petition of Mary God-frey McBride for the probate of the will of September 5, 1928, and for the revocation of probate of the earlier will, leads inevitably to the conclusion that the adjudication resulting from that hearing is conclusive upon all issues now presented. That petition initiated a contest of the earlier will on the ground, and only on the ground, that it was not the last will of the deceased. The one ultimate fact to be determined was whether the document of September 5, 1928, purporting to be a will of the deceased, was in fact her will. If it was, then the document executed in July, 1928, was not her last will, and the probate of it would have to be annulled.

The appellants, having been regularly brought into court conformably with the statutory requirements pertaining to will contests, raised an issue on this single ultimate fact, which necessarily had to be determined in that proceeding. Upon a trial of this issue, the court found all evidentiary facts necessary to establish the document of September 5, 1928, as the will, and the last will, of the deceased; and a decree was entered accordingly, which also vacated the decree probating the earlier will. There was no appeal from that decree, and it became final and binding upon all

parties before the court as to all questions of fact and law touching the validity of the later will.

This conclusion renders it unnecessary to notice other questions discussed by counsel.

The judgment appealed from is affirmed.

BEELER, PARKER, MITCHELL, MILLARD, BEALS, and MAIN, JJ., concur.

HOLCOMB, J. (dissenting)—Philip Godfrey was incompetent at the time of the hearing when the decree was entered admitting the September will to probate, confined in an asylum, and his appearance and defense by an appointed guardian *ad litem* was very formal and perfunctory. His rights were never fully protected. To hold that the decree admitting that will to probate is *res adjudicata* as to him, is to deny him his day in court. As to him, the judgment should be reversed.

I therefore dissent.

TOLMAN, C. J., concurs with HOLCOMB, J.